## Buckley v. Buckley

*Alan M. Rubenstein, district attorney,* for the Commonwealth.

*Joseph Capara,* for defendant.

BIESTER, JR., *J.*, February 5, 1986—This is a criminal contempt case in which defendant misbehaved in the presence of the court, thereby disrupting its proceedings. During a domestic relations proceeding for support before the undersigned on October 16, 1985, defendant Marlin Buckley carried into the courtroom and had on his person, in a holster in the area of his back belt, a 9 mm. automatic weapon loaded with a full clip and with a bullet in the chamber. The proceedings were about half over when defendant began to testify and as he swung into position in the witness stand the court observed a bulge in his back area and it immediately became clear that appellant was, in fact, carrying an automatic weapon.

Once the court was satisfied that a gun was on the person of Mr. Buckley, but not yet knowing whether it was loaded, the court requested Mr. Buckley to step down to the center of the bar area and directed a deputy sheriff to relieve Mr. Buckley of the weapon. The deputy sheriff did so and discovered its loaded condition. The district attorney's office was contacted and promptly appeared while the proceedings were recessed. The district attorney's office took information from defendant and subsequently ascertained that, in fact, defendant did have a valid license to carry the weapon. The district attorney's office informed the court in the course of the recess that no charges would be instituted by it arising out of the incident.

As a result of the incident it became necessary to transfer the case to another judge for disposition later that day.

On the basis of the foregoing we believed that defendant should be found in direct criminal contempt of the court. However, we deferred for a period of time further consideration of that possible

finding to provide defendant with time to obtain counsel more skilled in criminal proceedings than his counsel at the support hearing. We had a further hearing at which new counsel was present and the matter was thoroughly reconsidered. The court found defendant guilty of criminal contempt in the presence of the court and pursuant to that finding sentenced defendant to 48 hours incarceration in the Bucks County Prison. Upon the application of defendant, we stayed the imposition of that sentence and permitted defendant to post bail pending the outcome of the instant appeal to the Superior Court.

Defendant, citing Com. v. Garrison, 478 Pa. 356, 386 A.2d 971 (1978), sets forth in his brief requirements for the offense of criminal contempt in the presence of the court under the Act of July 9, 1976, P.L. 586, §2, 42 Pa.C.S. §4131(3), as follows:

(1) That defendant engaged in misconduct;

(2) That he did so in the presence of the court;

(3) That he engaged in that misconduct with the intent to disrupt the proceedings; and

(4) That misconduct actually obstructed the administration of justice.

Defendant takes the position that the record could not support a determination beyond a reasonable doubt that defendant, by engaging in the conduct he engaged in, did so with the intent to obstruct the proceedings to which he was a party. Because the focus of defendant's Pa.R.A.P. 1925(b) statement is only with respect to that matter, we assume that he concedes that he did engage in misconduct; that that misconduct was in the presence of the court, and that misconduct did obstruct the administration of justice.

Certainly, carrying a 9 mm. automatic weapon with a bullet in the chamber into a courtroom while

a litigant, and carrying such a weapon to the witness stand only three or four feet away from the judge and only seven or eight feet away from the spousal opponent in a holster hidden so poorly as to be perfectly obvious to the court, is misconduct. Obviously, it also occurred in the presence of the court. There can be no question that this conduct obstructed the administration of justice because, once it was discovered, the proceedings had to be interrupted and the issue of the weapon and its disposition had to be resolved. Moreover, once that event had occurred, it was deemed desirable for a different judge to complete the hearing in the case.

In measuring defendant's intent, it is perfectly appropriate for us to utilize both direct evidence and circumstantial evidence. The court is not bound by any particular expression of intent directly made by defendant and, as is true of any trier of fact, may utilize all of the evidence in order to make a determination with respect to the issue of intent or any other state of mind.

Defendant advised the court that he had obtained a license to carry the gun and carried the gun because of apprehension over threats arising out of the nature of his work in the construction trade. Certainly there was no expectancy of any threat arising out of his physical presence in that courtroom on that morning from anyone in the construction trade. That reason for obtaining the gun and the license to carry it, therefore, had nothing whatsoever to do with his bringing it into the courtroom. We also note that the weapon in question is a very large handgun. Although holstered on defendant's belt and behind a jacket, its presence was perfectly obvious to the court as defendant positioned himself in the witness stand. Clearly, defendant could not

have been unaware of the weapon's presence on his person.

Conscious of the sometimes fatal violence that has all too frequently erupted in domestic cases in the courtrooms of this country and particularly the courtrooms of this Commonwealth, the court approached the issue of the presence of the gun very carefully. As soon as the court saw defendant be seated and realized that a gun was there, and realizing that no sheriff was present in the courtroom, the court arranged through passing a note to a Tipstaff to have a deputy sheriff come over from other quarters to be in the room before the court questioned defendant with respect to the gun.

It is difficult to always be clear about what is going on in the mind of a person, but we believe that one must measure the person's intent by all of the circumstances including the natural consequences of his act. See Medve v. Walakovits, 305 Pa. Super. 75, 451 A.2d 249 (1982), cert. den. 103 S. Ct. 2123, 77 L.Ed.2d 1303. It was clear to this court that anyone, whether this defendant or any other person, who brings a large, heavy, loaded automatic weapon with a bullet in the chamber into a courtroom does so either with the intent of using it in that courtroom or in some fashion obstructing the legal and peaceful proceedings going on in that courtroom. Particularly is that the case when, as in this instance, the reason for obtaining the weapon had nothing whatsoever to do with the court proceedings. A court is entitled to protect itself and is obliged to take reasonable steps to protect the litigants and other persons peacefully present in a courtroom by preventing such conduct and punishing those who engage in it. We do not believe that a determination of a person's intent with respect to bringing such a loaded weapon with a bullet in the

chamber into the courtroom must await his drawing and firing that weapon. Therefore, we find that there was no rational reason for bringing such a weapon in such condition into that courtroom on that day other than an intent to disrupt the proceedings either by its discovery, as occurred, or by its use, which, thankfully, never occurred. We find defendant engaged in his conduct with the intent to obstruct the proceedings. We also note that the wife in this case testified with an extraordinary degree of nervousness and apparent apprehension.

Under the circumstances we therefore have no hesitancy in making the determination we did. We fail to see how any other series of determinations would be in the interest of the dignity or safety of the courts of this Commonwealth. We believe, therefore, that, even if the evidence were found to be insufficient as to defendant's intent, it is appropriate to hold that a litigant or witness who carries a loaded firearm into court is per se in criminal contempt of that court.

For the foregoing reasons we found defendant in contempt and entered the sentence which we imposed.